**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

```
_____
                               :
LATCHMIE TOOLASPRASHAD,        :
                               :   Civil Action
           Petitioner,         :   07-5157 (JBS)
                               :
       v.                      :   O P I N I O N
                               :
JEFF GRONDOLSKY,               :
                               :
           Respondent.         :
_____:
```

**APPEARANCES:**

    LATCHMIE TOOLASPRASHAD, #10975-056, Petitioner Pro Se
    F.C.I. Fort Dix
    Fort Dix, New Jersey  08640

**Jerome B. Simandle, District Judge**

This matter is before this Court upon Petitioner's application for reassignment of the instant matter to another judge in this District.  See Docket Entry No. 2. The application reads, in pertinent parts, as follows:

> While [P]etitioner is not attacking the integrity of [this Court,] it would appear to be clear that [this Court] lack[s] basic and requisite knowledge of federal prison issues.  [In addition, this Court] in two previous cases . . . dismissed [pEITIONER'S] action[s] for failure to exhaust the BOP's so-called administrative remedy (as the corrupt guards investigate them) and because the civil rights violations were not clearly established. [This Court] failed to apply the relevant law and plain common sense. . . . It is the obligation therefore of this [District to ensure] that [P]etitioner receive[s] a fair hearing from an impartial judge and thus far this failed.  While [P]etitioner in the instant case is not

>    requesting that this [District] ma[de] a determination
>    that [this Court] harbors any personal bias toward him or
>    has in the past acted so, it is [P]etitioner's contention
>    herein that the interest[s] of justice would be best
>    served by reassignment of this case to a different judge.

Docket Entry No. 2, at 1-4.

As of now, Petitioner filed six matters in this District, in addition to the instant action.[1] Petitioner's instant application indicates that Petitioner, wishes to have the instant matter reassigned to another judge, being apparently dissatisfied with the outcome of Toolasprashad v. Wright, 02-05473 (JBS), aff'd 232 Fed. App. 208, 2007 U.S. App. LEXIS 19875 (3d Cir. 2007), and Toolasprashad v. Bureau of Prisons, 04-03219 (JBS).  Hence, Petitioner maintains that this Court must recuse itself because of Petitioner's disagreement with this Court's prior rulings. Petitioner's contentions, however, are without merit.

Under 28 U.S.C. § 455(a), "any justice, judge or magistrate [judge] of the United States shall disqualify himself in any

---

[1] Specifically, the actions filed by Petitioner are: (1) Toolasprashad v. Beeler, 99-03288 (JEI), a § 2241 action filed on 07/13/99 and closed on 08/24/99; (2) Toolasprashad v. Beeler, 98-04983 (JEI), a § 2241 action filed on 10/27/98 and closed on 06/23/99; (3) Toolasprashad v. De Rosa, 02-02841 (JHR), a § 2241 action filed on 06/10/02 and closed on 08/12/03; (4) Toolasprashad v. Wright, 02-05473 (JBS), a Bivens action filed on 11/14/02 and closed on 12/22/05; (5) Toolasprashad v. Bureau of Prisons, 04-03219 (JBS), a Bivens action filed on 07/02/04 and closed on 09/13/06; and (6) Toolasprashad v. Williams, 07-05860 (RBK), a currently pending Bivens action filed on December 10, 2007.
Petitioner already sought this Court's recusal in Toolasprashad v. Bureau of Prisons, 04-03219 (JBS), and that application was denied. See id. 2006 U.S. Dist. LEXIS 54913, at *23-24 (D.N.J. Aug. 8, 2006).

proceeding in which his impartiality might reasonably be questioned." Section 455(a) requires judicial recusal "if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge" of his/her interest or bias in a case. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 860 (1988); In re Kensington Intern. Ltd., 368 F.3d 289, 301 (3d Cir. 2004).  In making this determination, the court must consider how the facts would appear to a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." U.S. v. Jordan, 49 F.3d 152, 156 (5th Cir. 1995); accord Clemens v. United States District Court for the Central District of California, 428 F.3d 1175, 1178 (9th Cir. 2005); Matter of Mason, 916 F.2d 384, 386 (7th Cir. 1990).

Generally, "beliefs or opinions which merit recusal must involve an extrajudicial factor." Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004) (internal quotation marks and citation omitted).  Absent the existence of such an extrajudicial factor, the record must evince a "deep-seated favoritism or antagonism [on the part of the judge] that would make fair judgment impossible." Liteky v. United states, 510 U.S. 540, 555 (1994). By contrast, the Supreme Court has made it clear that "judicial rulings alone almost never constitute a valid basis" for recusal. Liteky, 510 U.S. at 555. The reason for this rule is that judicial decisions "in and of themselves can only in the

rarest of circumstances evidence the degree of favoritism or antagonism required" to prove bias. Id. Consequently, a judge's prior adverse ruling cannot alone show the bias necessary for disqualification under 28 U.S.C. § 455(a). See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1103 (11th Cir. 2001); United States v. Pearson, 203 F.3d 1243, 1277 (10th Cir. 2000); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999); United States v. Arena, 180 F.3d 380, 398 (2d Cir. 1999); Matter of Hipp, Inc., 5 F.3d 109, 116 (5th Cir. 1993). This is true even if the judge consistently made adverse rulings against the party, see McCalden v. California Library Assoc., 955 F.2d 1214, 1224 (9th Cir. 1990); United States v. Mobile Materials, Inc., 881 F.2d 866, 877 (10th Cir. 1989), because an adverse decision, even if it is adverse on all issues raised, is not evidence of bias, especially when it is supported by the law and facts. See Crenshaw v. Hodgson, 24 Fed. App. 619, 621 (7th Cir. 2001) (citing Gleason v. Welborn, 42 F.3d 1107, 1112 (7th Cir. 1994); Byrne, 261 F.3d at 1103).

Finally, it should be noted that, where issues of recusal arise, "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." Laird v. Tatum, 409 U.S. 824, 837 (1972); see also Clemens, 428 F.3d at 1179; Sensley, 385 F.3d at 598-99; Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995).

Here, the record does not support a finding of an extrajudicial factor causing impartiality or any degree of favoritism or antagonism on the part of this Court, so as to make fair judgment in this proceedings unlikely, moreover impossible. Rather, Petitioner's motion for this Court's recusal is based solely on Petitioner's dissatisfaction with the outcome of two out of the total of five cases dismissed, thus far, in this District. However, Petitioner's dissatisfaction does not provide a proper basis for this Court's recusal, see <u>Bolick v. Pennsylvania</u>, 2005 U.S. Dist. LEXIS 30140, *2 (E.D. Pa. Nov. 30, 2005) ("[t]he . . . judge cannot be disqualified under 28 U.S.C. § 455(a) merely because [the litigant] disagrees with his decision"); <u>see also Securacomm Consulting v. Securacom Inc.</u>, 224 F.3d 273, 278 (3d Cir. 2000) (holding that a "party's displeasure with legal rulings does not form an adequate basis for recusal"); <u>Jones v. Pittsburgh Nat'l Corp.</u>, 899 F.2d 1350, 1356 (3d Cir. 1990) ("Disagreement with a judge's determinations certainly cannot be equated with the showing required to so reflect on his impartiality as to dictate recusal"), same as Petitioner's personal opinion that this Court's prior decision were erroneous does not bring into question the correctness of this Court's prior findings, as evidenced by the Court of Appeal's affirmation of the Court's rulings. <u>See Toolasprashad v. Wright</u>, 232 Fed. App. 208 (3d Cir. 2007).

In sum, this Court is unaware of any reason why it would not or could not treat the parties to this action in a fair and impartial manner. Similarly, this Court is not aware of any conflict of interest or any reason why the Court might have any animus toward the Petitioner. Indeed, the Court harbors no animus against him. Therefore, Petitioner's motion for recusal will be denied.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for recusal will be denied.

An appropriate order accompanies this Opinion.


                                    s/ Jerome B. Simandle
                                       **JEROME B. SIMANDLE**
                                    **United States District Judge**

Date: **February 25, 2008**